

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bob McCampbell
County Attorney
Comanche County
Comanche, Texas

Dear Sir:

Opinion No. O-3137
Re: Where a county purchases a
right-of-way for a State
highway wholly within one
commissioner's precinct,
can the purchase price be
paid by the whole county?
And a related question.

Your recent request for an opinion of this department upon the questions as are herein stated has been received.

The questions presented in your inquiry are as follows:

"1. Where the county purchases right-of-way for State highway wholly within one commissioner's precinct, can the purchase price be paid by the whole county?

We restate your second question as follows:

2. If the answer to the above question is yes, out of what fund or funds can the said purchase price be paid?

Article 6674n, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, re-constructed, maintained, widened, straightened or lengthened, or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the County Commissioners Court. Provided that the County in which the State Highway is located may pay for same out of the County Road and Bridge Fund, or any available county funds.

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way or land not exceeding one hundred

(100) feet in width for stream bed diversion in connection
with the locating, relocating or construction of a desig-
nated State Highway, or land or lands for material or bor-
row pits, to be used in the construction, reconstruction,
or maintenance of State Highways and to pay for the same
out of the County Road and Bridge Fund, or out of any spe-
cial road funds or any available county funds. * * * ."

The County Road and Bridge Fund proper is derived from the fol-
lowing sources: county taxes, automobile registration fees, and all fines
and forfeitures.

Disposition of that portion of the County Road and Bridge Fund
consisting of automobile registration fees is governed by Section 10 of
Article 6675a, Vernon's Annotated Civil Statutes. The pertinent provision
of said Section reads as follows:

"* * *. None of the monies so placed to the credit
of the Road and Bridge Fund of a county shall be used to
pay the salary or compensation of any County Judge or Coun-
ty Commissioner, but all said monies shall be used for the con-
struction and maintenance of lateral roads in such county
under the supervision of the County Engineer, if there be
one, and if there is no such engineer, then the County Com-
missioners' Court shall have authority to command the ser-
vices of the Division Engineer of the State Highway Depart-
ment for the purpose of supervising the construction and
surveying of lateral roads in their respective counties.
All funds allocated to the counties by the provisions of
this Act (Art. 6675a-1 to 6675a-14; P. C. Art. 807a) may
be used by the counties in the payment of obligations, if
any, issued and incurred in the construction or the im-
provement of all roads, including State Highways of such
counties and districts therein; or the improvement of the
roads comprising the County Road system."

The case of Stovall vs. Shivers, 75 S. W. (2d) 276, affirmed
(Comm. App.) 103 S. W. (2d) 363, on page 367 of the latter opinion, con-
tains the following statement with respect to the above quoted section:

"As to that portion of automobile registration fees
retained by Van Zandt County, Article 6675a-10, Vernon's
Annotated Civil Statutes, expressly provides how same shall
be expended, and for that reason it is obvious that article
6740 has no application to same."

The purpose as stated in Article 6675a-10 is the "construction
and maintenance of lateral roads" or "payment of obligations" incurred
in the construction or improvement of all roads within the county. There

is no formula for the spending of this particular portion of the county Road and Bridge Fund. Article 6740 has no application, according to the decision of Stovall vs. Shivers, supra. The responsibility for the proper expenditure of these funds rests primarily upon the Commissioners' Court. We quote further from the above mentioned case as follows:

"By article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interest, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over all roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the $100 valuation for roads and bridges. This fund is, of course, for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and highways of the county as a system, to be laid out, changed repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify."

As for that portion of the county Road and Bridge Fund consisting of county taxes, Article 6740, Vernon's Annotated Civil Statutes, provides:

"The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. Money used in building permanent roads shall first be used only on first or second-class roads, and on those which shall have the right of way furnished free of cost to

make as straight a road as is practicable and having
the greatest bonus offered by the citizens of money,
labor or other property."

This Article has been construed by the Commission of Appeals
of the State of Texas. Stovall vs. Shivers, supra.

We quote therefrom as follows:

"It will be observed that the article in question
provides that the road and bridge fund shall be judi-
ciously and equitably expended on the roads and bridges
of the county, and, as nearly as the condition and neces-
sity of the roads will permit, shall be expended in each
county commissioners precinct in proportion to the amount
collected in such precinct. In our opinion, there is ob-
viously nothing in this article which compels the commis-
sioners court to divide the road and bridge fund according
to any fixed mathematical formula, and apportion same in
advance for the purpose of being expended in any given
precinct. The use of the word 'expended' to our minds
clearly suggests that said funds shall be apportioned and
paid out from time to time as the necessity for their use
arises in the ordinary administration of the county affairs
* * *.

"Notwithstanding this, the commissioners court must
give effect to said article 6740 except when the necessi-
ties of the roads and bridges require a departure from it.
That article requires that the road and bridge funds of all
counties shall be judiciously and equitably expended. It fur-
ther requires that such funds shall, as nearly as the condi-
tion and necessity of the roads will permit, be expended in
each commissioners precinct in proportion to the amount col-
lected in such precinct. The dominant purpose of this statute
seems to be to require that the road and bridge fund shall be
expended in each commissioners precinct in proportion to the
amount collected therein. In this regard, the statute means
that each precinct shall prima facie be entitled to its own
funds, and in the absence of any reasons to the contrary they
should be so divided and expended. However, the duty to ex-
pend the funds in the proportion above mentioned is not an
absolutely inflexible one. This is evident from the fact that
the dominant purpose of the statute is qualified to the extent
that the court by clear implication is given the right to ex-
pend the road and bridge fund in a proportion other than in the
proportion in which they are collected when the conditions of
the roads in the respective precincts creates a necessity so
to do. We think, however, that the requirement to expend the

fund in the proportion mentioned cannot be avoided except in cases or conditions of necessity. Of course, the commissioners court has the right to exercise its sound judgment in determining the necessity, but it cannot act arbitrarily in regard to such matter."

In view of the above mentioned Statutes and case, your first question is respectfully answered in the affirmative.

In reply to your second question, you are advised that it is our opinion that the Commissioners' Court may secure the above mentioned right-of-way in the manner provided by Article 6674n, supra, and "pay for the same out of the County Road and Bridge Fund, or out of any special road funds, or any available county funds," as stated in Article 6674n. However, this Statute does not authorize the Commissioners' Court to transfer money from one constitutional fund to another, or to expend, for one purpose, tax money raised ostensibly for another purpose. The Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. The moneys arising from taxes levied and collected for each of the enumerated purposes are constitutional funds. (Carroll v. Williams, 202 S. W. 504; Tex. Jur., Vol. 11, p. 609). Neither can the Commissioners' Court transfer or expend moneys obtained by the issuance and sale of bonds for any purpose other than the specific purpose for which said moneys were raised and obtained by the issuance and sale of said bonds. We think the term "available county funds" as used in the Statute means such funds as have not been raised, collected, or appropriated for a specific purpose.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:RS:PC

APPROVED FEB 27, 1941

/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ RWF
CHAIRMAN